J-A12029-17 & J-A12030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: S.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| APPEAL OF: S.H. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1612 WDA 2016 |

Appeal from the Order Entered September 23, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): CP-02-DP-541-2016

| IN THE INTEREST OF: S.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| APPEAL OF: J.M. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1622 WDA 2016 |

Appeal from the Order Entered September 23, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): CP-02-DP-541-2016

BEFORE: OLSON, J., SOLANO, J., and RANSOM, J.

CONCURRING STATEMENT BY SOLANO, J.:          **FILED AUGUST 10, 2017**

I join the Majority's memorandum in full.

This case came to us with complaints by Appellants that the trial court was unwilling to place S.H. with his biological father as quickly as they recommended, even though the record failed to satisfy the trial court that an appropriate investigation was done regarding the propriety of such a

placement. When the trial court became concerned about the depth of the investigation, it appointed a second guardian *ad litem* to assist it in making the proper decision. Appellants claim that the trial court's actions were an abuse of discretion. I think they were grounds for commendation. Placement of a child — particularly a child like S.H. who already has undergone abuse — is a task that must be undertaken with great care. Ultimately, determination whether there is a ready, willing, and able parent for the child must be made independently by the trial court, and not by any agreement of the parties. That decision should not be unduly rushed. Here, the trial court performed its task conscientiously, and there was no basis for characterizing the trial court's careful approach to this issue as an abuse of its discretion.

Judge Olson joins this concurring statement.